GARWOOD, Circuit Judge,
concurring specially:
I would hold that the Eighth Amendment, not the Fourth Amendment, is the standard by which a prison inmate’s protection against searches by prison authorities is to be measured. In Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Court stated:
“A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order.” Id. at 527,104 S.Ct. at 3201 (footnote omitted).
“Our holding that respondent does not have a reasonable expectation of privacy enabling him to invoke the protections of the Fourth Amendment does not mean that he is without a remedy for calculated harassment unrelated to prison needs.... The Eighth Amendment always stands as *193 a protection against ‘cruel and unusual punishments.’” Id. at 529, 104 S.Ct. at 3202.
The majority would restrict Hudson to searches of prison cells. That was the setting in which Hudson arose, but its language is not so limited. Nor is it logical to fracture the Fourth Amendment in this bizarre manner, so that convicted inmates’ protection against certain prison searches is measured by the Fourth Amendment while their protection against other such searches is measured by the Eighth Amendment. See also Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (Eighth Amendment applied to inmate shot in quelling of prison riot); Brothers v. Klevenhagen, 28 F.3d 452, 457 (5th Cir.1984) (Fourth Amendment inapplicable to seizure claim of pre-trial detainee); Valencia v. Wiggins, 981 F.2d 1440, 1443-45 (5th Cir.), cert. denied, — U.S.—, 113 S.Ct. 2998, 125 L.Ed.2d 691 (1993) (same).
I recognize that our decision in United States v. Lilly, 576 F.2d 1240 (5th Cir.1978), held that the Fourth Amendment constrains prison officials in their body cavity searches of inmates. Lilly, however, has been superseded by Hudson, which locates the constraint on prison inmate searches within the Eighth Amendment.[1]
For reasons not significantly different from those given by the majority in upholding this search under the Fourth Amendment, I conclude that it did not violate Elliott’s rights under the Eighth Amendment.
Accordingly, I join in the judgment of af-firmance, but would rest that determination on the Eighth Amendment, not the Fourth.[2]

. The majority also cites Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), and Albright v. Oliver, — U.S. —, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). As pointed out in Brothers at 456 n. 3, 457, neither decision supports application of the Fourth Amendment here. Fourth Amendment applicability was expressly assumed arguendo only in Bell. Id. at 557, 99 S.Ct. at 1884. The dicta in the Albright plurality opinion merely says "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it.” Id. at-, 114 S.Ct. at 813 (emphasis added). Albright does not address conduct in jail after booking, much less in prison after conviction.

. I join in the majority's discussion and resolution of the procedural due process claim.